## UNITED STATES DISTRICT COURT       EASTERN DISTRICT OF TEXAS

JEREMY ALLEN WILLIAMS,       §
                                        §
             Petitioner,            §
                                        §
*versus*                               §     CIVIL ACTION NO. 1:19-CV-28
                                        §
DIRECTOR, TDCJ-CID,            §
                                        §
           Respondent.         §

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jeremy Allen Williams, a prisoner confined at the Daniel Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the petition without prejudice as a successive petition, filed without authorization from the United States Court of Appeals for the Fifth Circuit.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit. Petitioner erroneously contends that this petition is not successive because his prior petition was dismissed without prejudice. In fact, the petition was

denied on the merits. *Williams v. Director*, Civil Action No. 1:08-CV-522 (E.D. Tex. Dec. 7, 2010). Therefore, the magistrate judge correctly concluded that the petition is successive.

Petitioner contends that he filed this petition pursuant to 28 U.S.C. § 2241 to avoid the statute of limitations applicable to § 2254 petitions. A prisoner may not file a petition under § 2241 to avoid restrictions applicable to specific habeas statutes. *See Tolliver v. Dobre*, 211 F.3d 8876, 877 (5th Cir. 2000) (holding that petitioner could not circumvent the restriction on filing successive motions under 28 U.S.C. § 2255 by filing a § 2241 petition); *see also Jimenez v. Director*, 2009 WL 152714 (E.D. Tex. Jan. 21, 2009) (unpublished). Because petitioner challenges the validity of his state court convictions, the petition is properly characterized as a § 2254 petition.

Additionally, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability is

resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason or that a procedural ruling was incorrect. The questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

## ORDER

Accordingly, petitioner's objections (#15) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (#13) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

SIGNED at Plano, Texas, this 9th day of April, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE